DAVID ROBINSON, BY HIS GUARDIAN CASSANDRA ROBINSON, PETITIONER v. NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, RESPONDENT

No. COA11-4

(Filed 6 September 2011)

**Administrative Law—testimony not available to agency—medical review**

  The trial court erred by holding that an Administrative Law Judge was precluded from considering testimony not available to the agency at the time of its initial decision in a Continued Need Medicaid Review Hearing. *Britthaven, Inc. v. N.C. Dep't of Human Resources*, 118 N.C. App. 379, was limited to cases in which certificate of need law is applicable.

Appeal by petitioner from order entered 13 October 2010 by Judge Eric Levinson in Gaston County Superior Court. Heard in the Court of Appeals 26 May 2011.

  *Legal Services of Southern Piedmont, by Douglas Stuart Sea and Robert Davis, for petitioner-appellant.*

  *Attorney General Roy Cooper, by Assistant Attorney General Brenda Eaddy, for respondent-appellee.*

STEELMAN, Judge.

It was error to hold that an Administrative Law Judge was precluded from considering testimony not available to the agency at the time of its initial decision in a Continued Need Medicaid Review Hearing.

## I. Factual and Procedural Background

David Robinson (Robinson) is a mentally and physically disabled man. Robinson began receiving medical assistance in 1995 through the North Carolina Community Alternatives Program for persons with Mental Retardation/Developmental Disabilities (CAP-MR/DD). The CAP-MR/DD waiver provides home and community based services to Medicaid recipients with severe mental retardation and other disabilities to reduce governmental costs by preventing or delaying institutionalization. In May 2008, Robinson's case manager submitted a plan of care requesting continued Medicaid coverage under the CAP-MR/DD waiver: (1) 210.7 hours per month of Home and Community Supports (HCS); (2) 90.3 hours per month of enhanced Personal Care Services (PCS); and (3) 48 hours per month of enhanced Respite Care. This plan of care was to be effective 1 June 2008 until 31 May 2009. Robinson had received this level of services for several years prior to 2008.

On 20 June 2008, ValueOptions, Inc., the mental health utilization review contractor for the North Carolina Department of Health and Human Services (DHHS)[1], issued a letter reducing HCS service from 210.7 to 86 hours per month, terminating enhanced PCS and enhanced respite, and approving regular PCS of 150.5 hours per month and regular respite of 48 hours per month. The letter stated that sufficient justification was not provided to demonstrate medical necessity for the requested services.

An informal hearing was held on 31 July 2008 in the Hearing Office of DHHS and a notice of decision was filed 8 August 2008 modifying the recommendation of ValueOptions. The hearing officer upheld the termination of enhanced services, reduced HCS from 210.7 to 120 hours per month, and approved regular PCS of 116.5 per month and regular respite of 48 hours per month. Robinson appealed to the Office of Administrative Hearings.

A contested case hearing was held before Administrative Law Judge J. Randall May (ALJ) on 10 March 2009. At the hearing,

---

1. The North Carolina Administrative Code requires that all Medicaid-authorized services be medically necessary. 10A N.C.A.C. § 220.0301. DHHS contracted with ValueOptions, Inc. to perform prior approval reviews of recipient requests for CAP-MR/DD services.

Robinson's treating physician, Dr. Olufolarin Ajao (Dr. Ajao), testified as to Robinson's medical condition and needs. Dr. Ajao testified that without the services requested, Robinson would be at an increased risk for institutionalization. Dr. Daphne Timmons (Dr. Timmons), an evaluating psychologist and expert in evaluation for CAP-MD/DD services, opined that the levels of service in the 2008 plan of care were clinically necessary and that DHHS's criteria for the requested levels of service had been met in this case. Based upon the evidence presented at the contested case hearing, the ALJ vacated the decision to reduce Robinson's level of CAP-MR/DD services and ordered that Robinson continue to receive the level of services as requested in the 2008 plan of care.

On 5 August 2009, a final agency decision was issued reversing the decision of the ALJ. The agency held that *Britthaven, Inc. v. N.C. Dept. of Human Resources*, 118 N.C. App. 379, 455 S.E.2d 455, *disc. review denied*, 341 N.C. 418, 461 S.E.2d 754 (1995), precluded the ALJ from considering evidence not available to the agency at the time of its initial decision.

On 24 August 2009, Robinson petitioned for judicial review in the superior court. On 10 February 2010, a hearing was held in Gaston County Superior Court and an order was filed 13 October 2010 affirming the final agency decision.

Robinson appeals.

## II. Standard of Review

When under the applicable version of the APA a petition for review of an agency decision is filed in superior court, the superior court acts as an appellate court; both this [C]ourt and the superior court must utilize the same standard of review. If it is alleged that an agency's decision was based on an error of law then a *de novo* review is required.

*D.B. v. Blue Ridge Ctr.*, 173 N.C. App. 401, 405, 619 S.E.2d 418, 422 (2005) (internal citation and quotation omitted).

## III. Additional Evidence Presented to ALJ

In his first argument, Robinson contends that the superior court erred by adopting the agency's findings that the ALJ erred in admitting testimony and other evidence about Robinson's medical needs that were not provided to the agency by his case manager before the initial agency decision to modify and reduce services. We agree.

At the hearing before the ALJ, Dr. Timmons, an expert in evaluation for CAP-MD/DD services, testified as to Robinson's medical needs. The ALJ made two findings of fact regarding her evaluation of Robinson:

> 27. Dr. Daphne Timmons evaluated Petitioner in September and October 2008 and prepared a written psychological assessment. Pet. Exh. 9. In preparing her assessment, she reviewed the Plan of Care and other records, interviewed and observed Petitioner and his mother, and administered testing.
>
> 28. Dr. Timmons is familiar with the service definitions and CAP-MR/DD waiver and manual sections for Home and Community Supports, enhanced and regular Personal care, and enhanced and regular respite. She regularly works with providers of those services. In her expert opinion, Petitioner has intense behavioral needs, severe adaptive behavior deficits, and needs intensive training to be able to continue to live in a non-institutional setting. In her opinion, the levels of services included in the 2008 Plan of Care are clinically necessary and Respondent's criteria for the requested level of services are met in this case. Dr. Timmons testified that if services are reduced and terminated as proposed by Respondent, Petitioner is likely to regress in his habilitative skills and he will be at risk for institutionalization.

In its final decision, the agency found that findings of fact 27 and 28 were based on "inadmissible evidence not submitted at the time of the Agency's decision" and cited *Britthaven, supra,* for the proposition that the ALJ was precluded from considering Dr. Timmons's testimony in making his decision. The agency rejected findings of fact 27 and 28 on this basis. On a petition for judicial review, the superior court "adopted and incorporate[d] by reference" the findings of fact contained in the final agency decision.

In *Britthaven,* this Court held:

> The subject matter of a contested case hearing by the ALJ is an agency decision. Under N.C. Gen. Stat. § 150B-23(a), the ALJ is to determine whether the petitioner has met its burden in showing that *the agency* substantially prejudiced petitioner's rights, and that the agency also acted outside its authority, acted erroneously, acted arbitrarily and capriciously, used improper procedure, or failed to act as required by law or rule. G.S. § 150B-23(a). *The judge determines these issues based on*

*a hearing limited to the evidence that is presented or available to the agency during the review period.*

*Britthaven,* 118 N.C. at 382, 455 S.E.2d at 459 (emphasis added). However, the Court in *Britthaven* was describing "the nature of contested case hearings *under the CON law* and the Administrative Procedure Act." *Id.* (emphasis added). This holding is consistent with the CON regulation in 10A N.C.A.C. § 14C.0204, which provides, "An applicant may not amend an application" once the application is completed. *See also Dialysis Care of N.C., L.L.C., v. N.C. Dept. of Health & Human Servs.,* 137 N.C. App. 638, 647-48, 529 S.E.2d 257, 262 ("An applicant may not amend a CON application. *See* 10 N.C.A.C. 3R.0306[2] (Dec. 1999 Supp.). The hearing officer (ALJ) is properly limited to consideration of evidence which was before the CON Section when making its initial decision." (citation omitted)), *aff'd per curiam,* 353 N.C. 258, 538 S.E.2d 566 (2000); *In re Application of Wake Kidney Clinic,* 85 N.C. App. 639, 643, 355 S.E.2d 788, 790-91 ("The rules adopted by the Department of Human Resources to govern contested certificates of need hearings prevent a party from amending his application once it is deemed completed by the Section." (citing 10 N.C.A.C. § 3R.0306)), *disc. review denied,* 320 N.C. 793, 361 S.E.2d 89 (1987). Thus, we hold that *Britthaven* is limited to cases in which CON law is applicable.

The agency has cited no comparable regulation in the Medicaid context which would prohibit the ALJ from considering additional evidence regarding a petitioner's medical needs.

N.C. Gen. Stat. § 150B-34 provides:

§ 150B-34. Decision of administrative law judge.

(a) Except as provided in G.S. 150B-36(c), and subsection (c) of this section, in each contested case the administrative law judge shall make a decision that contains findings of fact and conclusions of law and return the decision to the agency for a final decision in accordance with G.S. 150B-36. *The administrative law judge shall decide the case based upon the preponderance of the evidence,* giving due regard to the demonstrated knowledge and expertise of the agency with respect to facts and inferences within the specialized knowledge of the agency. All references in this Chapter to the administrative law

---

2. 10 N.C.A.C. § 3R.0306 is now codified as 10A N.C.A.C. § 14C.0204.

judge's decision shall include orders entered pursuant to G.S. 150B-36(c).

N.C. Gen. Stat. § 150B-34(a) (2009) (emphasis added). Further, regulations for the Office of Administrative Hearings provide:

.0122 Evidence

The North Carolina Rules of Evidence as found in Chapter 8C of the General Statutes shall govern in all contested case proceedings, except as provided otherwise in these Rules and G.S. 150B-29.

(1) *The administrative law judge may admit all evidence that has probative value.* Irrelevant, incompetent, and immaterial or unduly repetitious evidence shall be excluded. . . .

26 N.C.A.C. § 3.0122(1) (emphasis added). The regulations also provide that the administrative law judge's decision shall be based exclusively on "competent evidence and arguments presented during the hearing and made a part of the official record[.]" 26 N.C.A.C. § 3.0127(b)(1).

The agency has failed to cite and we have found no applicable case law or statutory authority for the proposition that the ALJ erred by considering Dr. Timmons's expert testimony regarding Robinson's medical needs in rendering his decision.[3]

We note that, from a public policy standpoint, Robinson's argument that "the superior court's ruling would deny Medicaid recipients meaningful input at any stage of the process" is persuasive. Prior to its initial decision, the agency only requests documents from a Medicaid recipient's case manager. Therefore, any failure to submit the relevant medical evidence necessary to support the case plan would be on the part of the case manager, who is also an agent of the

---

3. We note that the General Assembly has now enacted N.C. Gen. Stat. § 108A-70.9B for contested Medicaid cases, effective 1 July 2010, which expressly provides the procedure for the consideration of additional evidence. N.C. Gen. Stat. § 108A-70.9B(e) provides that "The recipient shall be permitted to submit evidence regardless of whether obtained prior to or subsequent to the Department's actions and regardless of whether the Department had an opportunity to consider the evidence in making its adverse determination. When the evidence is received, at the request of the Department, the administrative law judge shall continue the hearing for a minimum of 15 days and a maximum of 30 days to allow for the Department's review of the evidence. Subsequent to review of the evidence, if the Department reverses its original decision, it shall immediately inform the administrative law judge." N.C. Gen. Stat. § 108A-70.9B(e) (2010 Interim Supp.). This provision was not applicable to the instant case.

BOBBITT v. EIZENGA

[215 N.C. App. 378 (2011)]

State. Thus, if a recipient is barred from presenting additional evidence to the ALJ during a contested hearing, there is no way to remedy any deficiencies in the presentation of his case plan and to have a meaningful opportunity to be heard.

We hold that the superior court erred by adopting the agency's findings that the ALJ was precluded from considering evidence about Robinson's medical needs that was not provided to the agency before its initial decision to modify and reduce services. This case is remanded to DHHS for a correct application of the law. *See Meza v. Division of Soc. Servs.*, 364 N.C. 61, 72, 692 S.E.2d 96, 104 (2010) (holding that where the superior court's order was entered under a misapprehension of the law, the Court may remand for the application of the correct legal standard).

REVERSED and REMANDED.

Judges CALABRIA and ELMORE concur.